**Simech MEAS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5729–ag.

United States Court of Appeals, Second Circuit.

Aug. 28, 2008.

Nancy E. Martin, Collins & Martin, Wethersfield, CT, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Leslie McKay, Senior Litigation Counsel, Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Simech Meas, a native and citizen of Cambodia, seeks review of a November 30, 2007 order of the BIA affirming the April 10, 2006 decision of Immigration Judge ("IJ") Michael W. Straus denying her application for asylum. *In re Simech Meas,* No. A95 841 147 (B.I.A. Nov. 30, 2007), *aff'g* No. A95 841 147 (Immig. Ct. Hartford Apr. 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Passi v. Mukasey*, 535 F.3d 98, 100–01 (2d Cir.2008).

## I. Past Persecution

■ We conclude that the agency reasonably found that Meas failed to establish that she suffered past persecution. While Meas asserts that "the emotional trauma that she suffered by watching the death of her parents" constituted persecution, except in rare circumstances, the persecution of family members "does not form the basis for a finding of past persecution." *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 n. 2 (2d Cir.1999); *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309–10 (2d Cir.2007). *But see Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir.2006). Meas also asserts that she suspected that she was being followed by persons from the People's Party investigating her political activities with the Sam Rainsy Party, and that she was repeatedly told by her supervisor to join the People's Party. These acts, however, do not constitute persecution, even if Meas perceived them as threatening, where those threats went unfulfilled. *See, e.g., Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412–13 (2d Cir.2006); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002). On this record, we cannot conclude that the agency erred in deciding that Meas failed to establish past persecution.

## II. Well–Founded Fear of Persecution

■ We further conclude that the agency properly found that Meas failed to establish a well-founded fear of persecution. While she asserts that she fears returning to Cambodia because "her family told her that police had come looking for her," she testified that she was not aware that anyone was looking for her in Cambodia. The IJ reasonably found that the evidence failed to establish that the Cambodian government had any interest in Meas, particularly where she continued to work for and be paid by the government. Meas fails to identify evidence in the record to support her claim that the government seeks her arrest. Accordingly, we cannot conclude that the IJ erred in making his finding. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006).

The BIA further noted that Meas's claim of a well-founded fear of persecution was undermined when she traveled to Thailand for vacation in 2001 and returned to Cambodia. That finding was not erroneous, inasmuch as Meas did not assert that she encountered any difficulties upon her return to Cambodia. To the contrary, her testimony and asylum application indicate that she continued to work for the government until she came to the United States. *Cf. Wensheng Yan v. Mukasey*, 509 F.3d 63, 68 (2d Cir.2007). Further undermining Meas's claim of a well-founded fear, as the BIA found, is the fact that her child and siblings have resided in Cambodia since she left in September 2001. *See Matter of A–E—*, 21 I. & N. Dec. 1157, 1159–60 (BIA 1998).

An asylum applicant asserting eligibility for asylum based on a well-founded fear of persecution is required to present credible testimony that she subjectively fears persecution and establish that her fear is objectively reasonable. *See Ramsameachire*

*v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004). Meas has failed to satisfy the latter requirement, inasmuch as she has not presented "reliable, specific, objective supporting evidence" to demonstrate the reasonableness of her fear. *See id.* (quoting *Cordero–Trejo v. I.N.S.,* 40 F.3d 482, 491 (1st Cir.1994)). Accordingly, the agency did not err in finding that Meas failed to demonstrate a well-founded fear of persecution.

Because the agency's conclusion that Meas failed to establish both past persecution and a well-founded fear of persecution is dispositive in this case, we need not consider its finding that she failed to establish that the harm she suffered was on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42) (requiring an asylum applicant to establish either past persecution or a well-founded fear of persecution).

For the foregoing reasons, the petition for review is DENIED.